﻿Citation Nr: 18104739
Decision Date: 05/23/18 Archive Date: 05/22/18

DOCKET NO. 10-04 437A
DATE: May 23, 2018
REMANDED
Entitlement to service connection for a respiratory disorder is remanded.
REASONS FOR REMAND
The Veteran served on active duty in the Army from November 1975 to May 1983.
1. Entitlement to service connection for a respiratory disorder is remanded.
In February 2018, the Board remanded the matter for additional development, including obtaining missing records and affording the Veteran a VA examination. It appears that the matter was returned to the Board without any of development completed. The AOJ failed to comply with the Board’s remand in this regard. See Stegall v. West, 11 Vet. App. 268 (1998) (holding that a Board remand “confers on the veteran or other claimant, as a matter of law, the right to compliance with the remand orders”). Therefore, the Board finds that a remand is necessary to obtain the missing records and afford the Veteran an appropriate VA examination. 
The matter is REMANDED for the following action:
1. Request inpatient and clinical treatment records documenting the Veteran’s care at any applicable medical facilities in Germany through appropriate sources. If additional information is needed from the Veteran to request such records, the Veteran should be asked to provide it. All efforts to obtain such records should be documented in the claims file. If the requested records do not exist or cannot be obtained, the Veteran should be notified of such. If the Veteran’s complete service treatment records have been associated with the claims file, this should be documented as well.
2. Take appropriate action to obtain VA treatment records from October 2017 to present.
3. With appropriate authorization from the Veteran, obtain and associate with the record any outstanding private treatment records identified by her as pertinent to her claim, including records from Mt. Sinai Hospital in New York.
4. After the above development has been completed and any requested records have been associated with the claims file, schedule the Veteran for an examination with a clinician skilled in the diagnosis and treatment of respiratory disorders. The report must reflect that review of the claims folder occurred, to include this remand.
Based on the review of the record and examination of the Veteran, the clinician should provide a response to whether it is at least as likely as not (a probability of 50 percent or greater) that any diagnosed respiratory disorder, including bronchial asthma and pulmonary sarcoidosis, was incurred during service, manifested to a compensable degree within one year of separation from service, or is otherwise related to service, to include the Veteran’s documented treatment for upper respiratory infections in March 1976, September 1976, December 1977, April 1979, April 1982, and November 1982.
The examiner’s attention is invited to the Veteran’s statements that her respiratory symptoms began during service (August 2009 DRO Hearing Transcript, pp. 5-10 and October 6, 2017 Hearing Transcript, pp. 4-5) including her assertion that she was diagnosed with asthma in the 1980s (February 25, 2008 pulmonary consultation). The examiner should also consider that although VA medical records note the Veteran was diagnosed with asthma in June 1997, a June 24, 2002 VA medical record notes that the Veteran was hospitalized in the past for asthma but not during the previous 6 years, suggesting her asthma existed prior to June 1997.
In formulating the opinion, the term “at least as likely as not” does not mean “within the realm of possibility.” Rather, it means that the weight of the medical evidence both for and against the claim is so evenly divided that it is as medically sound to find in favor of the claim as it is to find against.
Any opinion offered should be accompanied by the underlying reasons for the conclusions. **If the clinician is unable to offer the requested opinion, it is essential that the he or she offer a rationale for the conclusion that an opinion could not be provided without resort to speculation, together with a statement as to whether there is additional evidence that could enable an opinion to be provided, or whether the inability to provide the opinion is based on the limits of medical knowledge. See Jones v. Shinseki, 23 Vet. App. 382 (2011).**
5. Review the examination report for compliance with the Board’s directives. Any necessary corrective action should be undertaken prior to recertification to the Board. Then, readjudicate the issue on appeal. If the determination remains unfavorable to the Veteran, she and her representative should be furnished a supplemental statement of the case which addresses all evidence associated with the claims file since the last statement of the case. The Veteran and her representative should be afforded the applicable time period in which to respond.
 
MICHAEL A. PAPPAS
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD L. Baskerville, Counsel